IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SURFACE MATERIALS SALES, INC. | ) | CASE NO. 1:04CV1277 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | **PLAINTIFF, SURFACE MATERIALS** |
| | ) | **SALES, INC.'S REPLY BRIEF IN** |
| | ) | **SUPPORT OF ITS MOTION FOR** |
| FELISA BLAZEK | ) | **TEMPORARY RESTRAINING ORDER** |
| | ) | **AND PRELIMINARY INJUNCTION**[1] |
| Defendant. | ) | |

**I.  AS SURFACE HAS A LEGITIMATE BUSINESS INTEREST TO PROTECT
THROUGH ENFORCEMENT OF THE NON-COMPETE, THE COURT
SHOULD GRANT ITS MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION TO THE EXTENT NECESSARY TO
PROTECT SUCH INTEREST**

In her Memorandum in Opposition to Surface's Motion for Temporary Restraining Order

and Preliminary Injunction, Blazek does not deny that the signature noted on the Non-Compete

is hers.  (Def.'s Memo. in Opp. at 2).  Furthermore, she does not deny that Surface played a

significant role in her development as a sales representative in the wallcovering industry, that it

has invested time, resources, and training towards her development (Pl.'s V. Comp., ¶6), and that

prior to Surface's training, she had no experience or education in the wallcovering industry.

(Pl.'s V. Comp., ¶6).  Still further, Blazek does not deny that when she accepted employment

from Wolf, she refused to surrender to Surface certain confidential and proprietary information,

including Surface's customer and pricing lists.  (Pl.'s V. Comp., ¶¶10A, B, C).  Most

---

[1] For the convenience of the Court, Surface references and incorporates herein the abbreviations previously set forth in its Motion for Temporary Restraining Order and Preliminary Injunction.

importantly, she does not deny that she is, in fact, soliciting Lavallee, Newman, Stibler, C.M.K, and Toby Design, and that she will continue to use Surface's confidential and proprietary information to solicit Surface's clients. (Pl.'s V. Comp., ¶14). In fact, Blazek all but admits that she has violated the terms of the Non-Compete.

Rather, Blazek argues that only §4(b) of the Non-Compete is unenforceable[2] as it contains no limitation as to time and geographical area. However, even if the Court were to find that §4(b) of the Non-Compete is unreasonable in scope, Ohio courts will enforce a covenant not to compete that imposes unreasonable restrictions upon an employee **to the extent necessary to protect an employer's legitimate interests.** *See, e.g., Rogers v. Runfola & Associates*, 57 Ohio St.3d 5, 565 N.E.2d 540 (1990)(citing *Raimonde v. Van Vlerah*, 42 Ohio St.2d 21, 325 N.E.2d 544 (1975)).[3]

In this regard, an employer has a legitimate business interest to protect where:

1. The employer had played a large role in the employee's development;

2. The employee had gained valuable experience in the business;

3. The employer had invested time and money in equipment, facilities, support staff and training which benefited the employee's development;

4. The employer had developed a clientele with which the employee had direct contact; and,

5. The employee had done business under or using the employer's name.

*See, e.g., Farmers Ins. Exchange, et al v. Weemhoff*, No. 02-CA-26, 2002 WL 31319958 (5th Dist. Oct. 17, 2002)(citing *Rogers, supra*)(App. A).

---

[2] In doing so, Blazek impliedly concedes that the remaining portions of the Non-Compete are, in fact, enforceable. Any and all venue assertions of Blazek in her Memorandum in Opposition to Surface's Motion for Temporary Restraining Order and Preliminary Injunction are addressed by Surface in its Memorandum in Opposition to Dismiss/Transfer of Venue of Blazek.

[3] The Supreme Court of Ohio in *Raimonde* stated in its syllabus "[a] covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect an employer's legitimate interest."

In *Farmers Ins. Exchange*, Richard Weemhoff ("Weemhoff") had been an independent insurance agent for Farmers Insurance Exchange ("Farmers") for eight years. *Id.* at *1. Farmers and Weemhoff entered into an agent appointment agreement that included a non-competition provision, wherein Weemhoff promised that he would neither directly nor indirectly solicit, accept, or service the insurance business of any Farmers' policyholders in a specific district upon termination of his employment with Farmers. *Id.*

After termination of his relationship with Farmers, Weemhoff signed on as an insurance agent with American National Insurance ("American National"), with exclusive rights as agent to the Ohio counties of Richland, Knox, Ashland, and Crawford, the same counties encompassed in his non-compete with Farmers. *Id.*

Farmers discovered that at least one former policyholder previously serviced by Weemhoff as an agent for Farmers canceled his policy and purchased an American National policy through Weemhoff. *Id.* Farmers filed a verified complaint against Weemhoff, as well as a motion for a temporary restraining order requesting the trial court to enjoin Weemhoff from:

> using, disclosing, or referring to any Farmers' manuals, forms, or stationary; using, disclosing, or referring to any Farmers confidential information or trade secrets, including any lists, records, or information pertaining to individuals or entities who were Farmers' policy holders as of the date appellant terminated his agency relationship with Farmers; and influencing or attempting to influence any of Farmers' policy holders in District 25-30 to cancel their policies of insurance with Farmers or to purchase policies of insurance with any other insurance carrier.

*Id.* *2.

The trial court granted Farmer's motion for temporary restraining order and, notably, enjoined Weemhoff from accepting or servicing business from all of Farmer's policyholders. On appeal, the Court of Appeals of Ohio for the Fifth Appellate District affirmed the trial court's granting injunctive relief after modifying its scope. In holding that Farmers had a legitimate

interest to protect by restricting Weemhoff, the Court noted:

> In <u>Rogers v. Runfola & Associates, Inc. (1991), 57 Ohio St.3d 5, 565 N.E.2d 540</u>, **The Ohio Supreme Court found an employer has a legitimate interest to protect where:**
>
> 1. The employer has played a large role in the employee's development;
>
> 2. The employee has gained valuable experience in the business;
>
> 3. The employer has invested time and money in equipment, facilities, support staff and training which benefited the employee's development;
>
> 4. The employer has developed a clientele with which the employee had direct contact; and,
>
> 5. The employee has done business under or using the employer's name.
>
> * * * *
>
> In its verified complaint, **Farmers alleged appellant [Weemhoff] had no experience whatsoever in the insurance business before he began working for Farmers.  Farmers provided him with training, education, monetary subsidies, and use of its trade name and logo.**  In the course of the agency relationship, **appellant obtained detailed confidential information about Farmers' business and clients.  The record also demonstrates appellant violated the parties' agreement not to compete by servicing at least one policy holder who had formerly been a Farmers' policy holder.**
>
> **Applying the *Rogers* test to the case at bar, we find Farmers had a legitimate business interest to protect.**
>
> * * * *
>
> **We find the restriction is not over-broad if it is read as prohibiting appellant from servicing clients who were Farmer's policy holders at the time appellant terminated his agency relationship with Farmers.** (Emphases added).

*Id* at *3—4.

Application of the foregoing standard discussed in *Farmers Ins. Exchange* to the present

matter compels the conclusion that Surface's business interest in protecting its client base, its

good will with such clients, and its trade secrets is legitimate, and that the Court should enforce the Non-Compete to the extent necessary to protect such interest.

As stated previously, Blazek has not, and cannot, deny the fact that Surface had played a significant role in her development as a sales representative in the wallcovering industry, and that Surface had invested time, resources, and training towards her development (Pl.'s V. Comp., ¶6). Furthermore, she has not, and cannot, dispute the fact that Surface had developed clientele as a direct result of her. (Pl.'s V. Comp., ¶6—10).

In fact, Blazek cannot distinguish the circumstances of Weemhoff in *Farmers Ins. Exchange* from her own. Just as Farmer had trained Weemhoff, Surface has trained Blazek (Pl.'s. V. Comp., ¶6). Furthermore, just as Weemhoff had breached Farmer's non-compete by servicing at least one Farmer client as an employee of American National, Blazek has not, and cannot, deny that she has serviced at least **five** Surface clients. (Pl.'s V. Comp. ¶14). *Id.*

Thus, as Surface has a legitimate business interest to protect through the enforcement of the Non-Compete, the Court should grant its motion for temporary restraining order and preliminary injunction to the extent necessary to protect such interest.

## II. SURFACE'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD BE GRANTED AS ITS CLIENT LISTS ARE TRADE SECRETS UNDER R.C. §1331.61

R.C. §1333.61(D) defines a "trade secret" and provides, in pertinent part:

> "Trade Secret" means information, including the whole or any portion . . . or any business information or plans, financial information, **or listing of names, addresses, or telephone numbers, that satisfies both of the following:**
>
> **(1)** **It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.**

(2)    **It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.**    (Emphasis added).

Despite Blazek's assertions, §4(b) of the Non-Compete does, in fact, protect Surface's trade secrets.

First, Blazek does not, and simply cannot, argue that Surface's pricing is not a trade secret. *See, e.g., Dennison Corp. v. Kitsonas*, 188 F.Supp. 2d 848 (S.D. 2000). In fact, *Patio Enclosures, Inc. v. Herbst*, No. 01-3674, 2002 U.S. LEXIS 14017 (6th Cir. July 10, 2002), relied upon by Blazek in her Memorandum in Opposition, specifically describes pricing information as a trade secret and as "valuable confidential information." Indeed, Blazek fails to address this point altogether and, as such, Surface's Motion for Temporary Restraining Order and Preliminary Injunction should be granted, at the very least, with respect to its pricing information.

Furthermore, contrary to Blazek's assertions, Surface's customer lists are, in fact, trade secrets. As Surface derives actual economic value by maintaining its customer lists, and as it takes reasonable steps to maintain their secrecy and confidentiality (Pl.'s V. Comp. ¶19), such lists are trade secrets under R.C. §1333.61,[4] regardless of whether its competitors may, or may not, know the identity of its customers.[5]

To the extent that Blazek relies upon *Patio Enclosures, Inc.*, she fails to acknowledge that *Patio Enclosures, Inc.* simply does not stand for the proposition that client lists are not trade secrets as a matter of law. Furthermore, she fails to point that, unlike herself, defendant in *Patio*

---

[4] *Dennison Corp.* supports this proposition as well.
[5] Notably, Blazek presents no evidence whatsoever supporting the conclusion that Surface's clients are "well known" in the wallcovering industry, as asserted in its Memorandum in Opposition. (Memo. in Opp. at 3). Furthermore, Blazek presents no authority whatsoever supporting its assertion that because certain clients of Surface are "well known," that Surface's client lists are not trade secrets as a matter of law. *Id.*

*Enclosures, Inc.* had returned all trade secrets to the plaintiff in that matter, had not been extensively trained by plaintiff, and that defendant's new employer did not compete with the plaintiff. *Id* at **7—8, 13. In stark contrast, Blazek has not returned Surface's pricing and customer lists, was trained extensively by Surface, and works for Wolf, one of Surface's direct competitors. (Pl.'s V. Comp. ¶¶ 6, 9, 10). Indeed, neither the law nor the facts of *Patio Enclosures, Inc.* support Blazek's assertions.

Thus, as Surface's pricing information and client lists are trade secrets, and as Blazek concedes that she has breached the Non-Compete, the Court should grant Surface's Motion for Temporary Restraining Order and Preliminary Injunction to the extent necessary to protect such trade secrets.

### III. CONCLUSION

As Surface has a legitimate business interest in enforcing the Non-Compete, and as Surface's client lists and pricing information are trade secrets, the Court should grant Surface's Motion for Temporary Restraining Order and Preliminary Injunction and enforce the Non-Compete to the extent necessary to protect such interests.

Respectfully submitted,

*/s/Philip R. Bautista*
Douglas V. Bartman (0073103)
Philip R. Bautista (0073232)
Kahn Kleinman, A LEGAL PROFESSIONAL ASSOCIATION
1301 East 9th Street
2600 Erieview Tower
Cleveland, Ohio 44114-1824
(216) 736-3351 (direct dial)
(216) 623-4912 (fax)
dbartman@kahnkleinman.com
pbautista@kahnkleinman.com
*Attorneys for Plaintiff, Surface Materials Sales, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2004, a copy of the foregoing Reply Brief in support of Motion for TRO and Preliminary Injunction will be sent to all parties by the operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/*Philip R. Bautista*
One of the Attorneys for Plaintiff, Surface Materials Sales Inc.