Westlaw.

Not Reported in N.E.2d
2002-Ohio-5570
(Cite as: 2002 WL 31319958 (Ohio App. 5 Dist.))

Page 1

C
CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio,
Fifth District, Richland County.

FARMERS INSURANCE EXCHANGE, et al, Plaintiffs-Appellees,
v.
Richard WEEMHOFF, Defendant-Appellant.

No. 02-CA-26.

Decided Oct. 17, 2002.

Insurance company brought action against its former agent to enforce covenant not to compete. Company sought temporary restraining order (TRO). The Court of Common Pleas, Richland County, entered the TRO. Agent appealed. The Court of Appeals, Gwin, P.J., held that: (1) the TRO was tantamount to a preliminary injunction and was a final appealable order, and (2) the injunction was not over-broad, but was tailored to protect the interest of the public and the company, without imposing undue hardship upon agent.

Affirmed.

[1] Appeal and Error ☞78(1)

30k78(1) Most Cited Cases

Temporary restraining order (TRO) against insurance agent and in favor of insurance company was tantamount to a preliminary injunction and was a final appealable order; the order prohibited the agent from accepting or servicing business if potential customers were company's policyholders when agency relationship ended, and the TRO would remain in effect until further order of court.

[2] Injunction ☞157
212k157 Most Cited Cases

Preliminary injunction against insurance agent and in favor of insurance company after agent terminated relationship with company was not over-broad, but was tailored to protect the interest of the public and the company, without imposing undue hardship upon agent; the company had a legitimate business interest to protect, the injunction could be read to prohibit the agent from servicing clients who were company's policyholders at the time agent terminated his agency relationship, the injunction did not prohibit all dealings in the insurance industry, and potential customers' status was readily ascertainable.

[3] Injunction ☞147
212k147 Most Cited Cases

Clear and convincing evidence supported preliminary injunction against insurance agent and in favor of insurance company after agent terminated relationship with company and began working for another insurer.

Civil appeal from the Richland County Court of Common Pleas, Case No. 02- 179D.

Jeffrey P. Hinebaugh, Rachel Jay Smith, Cincinnati, OH, for defendant-appellant.

GWIN, P.J.

*1 {¶ 1}Defendant Richard Weemhoff appeals a judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of plaintiffs Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, Farmers New World Life Insurance Company, and Farmer's Insurance of Columbus, Inc., to whom we refer hereinafter collectively as "Farmers". Appellants

assigns two errors to the trial court:

{¶ 2} "I. THE COURT OF COMMON PLEAS ERRED IN ENFORCING A COVENANT NOT TO COMPETE WITHOUT CLEAR AND CONVINCING EVIDENCE THAT THE ENFORCEMENT OF THE COVENANT IS NECESSARY TO PROTECT A LEGITIMATE INTEREST OF THE PARTIES SEEKING ENFORCEMENT, THAT ENFORCEMENT OF THE COVENANT WOULD NOT IMPOSE AN UNDUE HARDSHIP ON THE PARTY AGAINST WHOM IT IS ENFORCED, AND THAT ENFORCEMENT OF THE COVENANT WOULD NOT INJURE THE PUBLIC.

{¶ 3} "II. THE COURT OF COMMON PLEAS ERRED IN ISSUING THE AMENDED TEMPORARY RESTRAINING ORDER WITHOUT CLEAR AND CONVINCING EVIDENCE THAT THE PARTIES SEEKING INJUNCTIVE RELIEF HAVE PROVEN IRREPARABLE HARM AND THAT THE GRANT OF INJUNCTIVE RELIEF WOULD NOT HARM THE OTHER PARTY OR THE GENERAL PUBLIC."

{¶ 4} The record indicates Weemhoff had been an independent insurance agent for Farmers from June of 1983 until November, 2001. The parties entered into an agent appointment agreement which includes a non-competition provision. The provision provided that the agent would neither directly nor indirectly solicit, accept, or service the insurance business of any Farmers' policyholder of record in the identified district for a period of one year following the agent's severance from employment.

{¶ 5} On October 5, 2001, Weemhoff informed Farmers of his intention to resign. Weemhoff boxed up all of Farmers files, policies, and materials, but Farmers did not retrieve them by the severance date of November 30, 2001. In December of 2001, Weemhoff again notified Farmers in writing he had boxed up its property so Farmers could pick it up. Weemhoff signed on as an insurance agent with American National Insurance, with exclusive rights to Richland, Knox, Ashland, and Crawford counties.

{¶ 6} Farmers paid Weemhoff $20,785.55, and also paid off his outstanding loan with its credit union in the amount of $40,042.31. Although Weemhoff maintains he did not use any of Farmers' materials, he did notify his clients he would no longer be affiliated with Farmers. Farmers produced evidence at least one former policy holder serviced by Weemhoff as a Farmers agent, who canceled his policy with Farmers and purchased a policy issued by American National Property & Casualty Company.

{¶ 7} On February 14, 2002, Farmers filed a verified complaint against Weemhoff, with a motion for a temporary restraining order. That same day, the court held a hearing on the motion, and appellant did not object to the entry of a temporary restraining order that would prohibit him from soliciting the insurance business of Farmers' policy holders, or using Farmers' confidential information about its policy holders to Farmers' detriment. Appellant did object to the entry of an order which would prohibit appellant from accepting or servicing the insurance business of Farmers' policy holders. The trial court entered an agreed temporary restraining order consistent with appellant's position, and the court scheduled the matter for a second hearing on February 21, 2002.

*2 {¶ 8} On February 27, 2002, after reviewing memoranda by the parties, the court entered an amended temporary restraining order adding a prohibition against appellant's accepting or servicing the insurance business of Farmers' policy holders. The order prohibits appellant from soliciting, accepting, or servicing the insurance business of any Farmers policy holders residing in Farmers' Ohio District 25 through 30; using, disclosing, or referring to any Farmers' manuals, forms, or stationary; using, disclosing, or referring to any Farmers confidential information or trade secrets, including any lists, records, or information pertaining to individuals or entities who were Farmers' policy holders as of the date appellant terminated his agency relationship with Farmers; and influencing or attempting to influence any of Farmers' policy holders in District 25-30 to cancel their policies of insurance with Farmers or to purchase policies of insurance with any other insurance carrier. The parties agreed the amended temporary restraining order would remain in effect until further order of the court.

Not Reported in N.E.2d
2002-Ohio-5570
(Cite as: 2002 WL 31319958 (Ohio App. 5 Dist.))

Page 3

[1] {¶ 9} Before discussing appellant's assignments of error, it is appropriate for us to address Farmers' motion to dismiss made on the grounds the amended temporary restraining order was not a final order.

{¶ 10} Generally, the granting of a temporary restraining order, when the ultimate relief sought is a permanent injunction, is not a final appealable order, see, e.g., *Mike Lapine, Inc. v. Cleveland Business Show, Inc.* (March 27, 1986), Cuyahoga Appellate No. 50028, unreported at 2. In the *Lapine,* the Eighth District Court of Appeals noted a limited exception to the general rule. A temporary restraining order is appealable when the trial court's order constitutes an abuse of discretion which affects a substantial right of the appellant, or exceeds the court's statutory power, *Id*. citing *State ex rel. Cook, Director, Department of Liquor Control v. Lakis, DBA Mickey's Lounge Bar* (1964), 6 Ohio App.3d 238.

{¶ 11} Likewise, the Eleventh District in *The Estate of Margaret Weber Georskey* (July 20, 2001), Geauga Appellate No.2000-G-2299, conceded it is generally well settled that the granting of the motion for a temporary restraining order is not a final appealable order, but found the rationale underlying this is that a temporary restraining order is provisional in nature and is intended to preserve the status quo of the case pending the final hearing, *Georskey* at 1, citations deleted. However, where the trial court enters a temporary restraining order that exceeds the preservation of the status quo, and requires affirmative acts or restraints on the part of one of the parties, then the temporary restraining order is the equivalent of a preliminary injunction.

{¶ 12} Further, pursuant to Civ. R. 65, a temporary restraining order expires after fourteen days, unless the trial court extends it for another fourteen-day period, or unless the party against whom the order is directed consents to the extension for a longer period. We find, given these specific circumstances, the temporary restraining order is tantamount to a preliminary injunction, and is a final appealable order.

I

*3 [2] {¶ 13} In his first assignment of error, appellant argues the temporary restraining order was unreasonably broad and unnecessary to protect Farmers' legitimate interest, and imposed an undue hardship upon appellant.

{¶ 14} In *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 325 N.E.2d 544, the Supreme Court found covenants not to compete, if incidental to employment agreements, are valid if they are reasonable. If a covenant is unreasonable, the court should re-tailor it to the extent necessary to protect an employer's legitimate interest. The goal is a reasonable covenant that is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and does not injure the public, *Raimonde* at 25-26, 325 N.E.2d 544.

{¶ 15} Regarding the requirement the covenant should not be injurious to the public, in *Brentlinger Enterprise v. Curran* (2001), 141 Ohio App.3d 640, 752 N.E.2d 994, the court found the term "injurious to the public" refers to the public's interest in fair competition. Injury to the public, according to the *Brentlinger* court, is found only when the enforcement of a non-competition clause would give one of the parties a monopoly. In *C.A. Litzler Company v. Libby* (August 12, 1991), Stark Appellate No. CA-8512, this court found a restrictive covenant to compete does not injure the public where the employer still has other competitors for local business.

{¶ 16} We find no potential injury to the public here.

{¶ 17} Secondly, appellant argues the restraint is unreasonable because it is broader than necessary to protect Farmers' legitimate business interest. In *Rogers v. Runfola & Associates, Inc.* (1991), 57 Ohio St.3d 5, 565 N.E.2d 540, the Ohio Supreme Court found an employer has a legitimate business interest to protect where: (1) the employer has played a large role in the employee's development; (2) the employee had gained valuable experience in the business; (3) the employer had invested time and money in equipment, facilities, support staff and training which benefitted the employee's development; (4) the employer had developed a clientele with which the employee had direct

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

contact; (5) the employee had done business under or using the employer's name. *Rogers* at 8-9, 565 N.E.2d 540.

{¶ 18} In its verified complaint, Farmers alleged appellant had no experience whatsoever in the insurance business before he began working for Farmers. Farmers provided him with training, education, monetary subsidies, and use of its trade name and logo. In the course of the agency relationship, appellant obtained detailed confidential information about Farmers' business and clients. The record also demonstrates appellant violated the

{¶ 19} parties' agreement not to compete by servicing at least one policy holder who had formerly been a Farmers' policy holder.

{¶ 20} Applying the *Rogers* test to the case at bar, we find Farmers had a legitimate business interest to protect.

*4 {¶ 21} Finally, appellant claims the restraint imposes undue hardship on him because unsolicited clients may seek out his services, and he may or may not be able to determine when a potential new client has been a former Farmers' policy holder.

{¶ 22} We find the restriction is not over-broad if it is read as prohibiting appellant from servicing clients who were Farmers' policy holders at the time appellant terminated his agency relationship with Farmers'. We agree if we were to read the restriction to prohibit his servicing anyone who has ever been a Farmers' customer, it would be over-broad and unnecessary to enforce the parties' agreement. We hereby clarify the order to avoid any ambiguity.

{¶ 23} We find while the restrictions do impose a hardship on appellant, this is not an undue hardship. Appellant is not restrained from all dealings in the insurance service industry, and questions regarding potential clients' status appear to be readily answerable.

{¶ 24} We find the restrictions are not over broad, but rather, are tailored to protect the interest of the public and the employer, Farmers, while not imposing undue hardship upon appellant.

{¶ 25} The first assignment of error is overruled.

II

[3] {¶ 26} In his second assignment of error, appellant argues the court of common pleas lacked clear and convincing evidence Farmers had proven irreparable harm and that the grant of injunctive relief would not harm appellant or the general public. In determining whether to grant a temporary restraining order, the trial court must consider whether the applicant, in this case, Farmers, has a right to be free from the impending harm, and whether it is likely to succeed on the merits of the claim, see *Corbett v. Ohio Building Authority* (1993), 86 Ohio App.3d 44, 619 N.E.2d 1145.

{¶ 27} Farmers argues it is likely to succeed on the merits because the restraint is reasonable, and because appellant violated the parties' agreement before the temporary restraining order was imposed.

{¶ 28} We find the record contains clear and convincing evidence demonstrating Farmers was entitled to the entry of the temporary restraining order.

{¶ 29} The second assignment of error is overruled.

{¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and we enter the preliminary injunction. Appellant is restricting from servicing the insurance needs of persons in the specified area who were Farmers' policy holders at the time appellant ceased working with Farmers. This order shall remain in effect until the trial court adjudicates the matter on the merits.

GWIN, P.J., WISE and BOGGINS, JJ., concur.

2002 WL 31319958 (Ohio App. 5 Dist.), 2002-Ohio-5570

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works