IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Surface Materials Sales, Inc., ) | |
| ) | CASE NO. 1:04CV1277 |
| Plaintiff, ) | |
| ) | Judge Donald C. Nugent |
| -vs- ) | |
| ) | **ANSWER AND COUNTERCLAIM** |
| Felisa Blazek ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Now comes Defendant Felisa Blazek and for her Answer to the Complaint filed herein states as follows:

**FIRST DEFENSE:**

1. Defendant admits the allegations contained in Paragraphs 1 and 2 of the Complaint herein.

2. In response to Paragraph 3 of the Complaint, Defendant admits that she was hired by Plaintiff on or about November 1, 2000 as a sales representative, and further states that the parties entered into a document entitled "Employment Agreement" which contained numerous vague, ambiguous, and unenforceable provisions. A copy of said agreement was attached as Exhibit 1 to Plaintiff's Complaint. Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

1

3. In response to Paragraph 4 of the Complaint, this Defendant refers to the terms of the Employment Agreement itself, and denies the allegations set forth in Paragraph 4 to the extent inconsistent with said agreement. Defendant further denies the relevancy, applicability, and enforceability of one or more provisions set forth in said Agreement.

4. In response to Paragraph 5 of the Complaint, Defendant admits that she has visited Plaintiff's offices in Ohio on one or more occasions, but denies the remaining allegations set forth in Paragraph 5 of the Complaint.

5. Defendant denies the allegations set forth in Paragraph 6 of the Complaint, while admitting that Plaintiff did provide limited training and resources to her with respect to specific product lines.

6. In response to Paragraph 7, Defendant states that she solicited and obtained clients while employed as a sales representative working for Plaintiff, but denies the remainder of the allegations set forth in said Paragraph.

7. In response to Paragraph 8, Defendant states that she moved to New Hampshire during the first half of 2001 and began conducting sales activities in Maine, New Hampshire, and Vermont. Defendant further admits that she began conducting additional sales activities in Essex County, Massachusetts in the first part of 2003. Defendant denies the remaining allegations set forth in this Paragraph, and specifically denies that the changes set forth above were changes in the "Restricted Territory", as same was defined in the "Employment Agreement" referred to above.

8. Defendant admits the allegations set forth in Paragraph 9 of the Complaint herein.

9. In response to Paragraph 10 of the Complaint, Defendant states that she returned her cell phone and all other property of Plaintiff that were in her possession, custody or control subsequent to leaving the employment of Plaintiff, and specifically denies any and all allegations set forth in Paragraph 10 of the Complaint to the extent inconsistent herewith.

10. In response to Paragraph 11 of the Complaint, Defendant admits that she received a letter from Plaintiff's counsel shortly after her departure from Plaintiff's employment, and further admits that the paragraphs quoted in Paragraph 11 of Plaintiff's Complaint are substantially similar to portions of the content of said letter. However, Defendant specifically denies that she has violated the terms of any enforceable provisions of the so-called Employment Agreement.

11. In response to Paragraph 12 of the Complaint, Defendant admits that she has been in contact with Patricia Tobey, a close personal friend, subsequent to her departure from Plaintiff's employment, and further admits that she performed sales activities with Ms. Tobey while employed by Plaintiff. Defendant denies any and all remaining allegations set forth in Paragraph 12.

12. In response to Paragraph 13 of the Complaint, Defendant admits that she has had sales contact with some of the companies listed in Paragraph 13, but denies that she has called on every one of said clients, and further denies the remaining allegations set forth in this Paragraph.

13. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 15 of the Complaint, but denies that the "Non-Compete" is either applicable or enforceable.

15. Defendant specifically denies every allegation set forth in Paragraphs 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, and 32 of the Complaint filed herein,

16. Defendant specifically denies each and every allegation not previously admitted to be true.

**SECOND DEFENSE:**

17. Further answering, Defendant states that the Complaint filed herein fails to state a claim upon which relief can be granted.

**THIRD DEFENSE:**

18. Further answering, Defendant states that there has been an insufficiency of process and/or service of process.

**FOURTH DEFENSE:**

19. Further answering, Defendant states that the purported contract provisions relied upon by Plaintiff are overly restrictive, place an undue burden on the employee, do not protect a legitimate business interest of the employer, are contrary to public policy, are injurious to the public, and are unenforceable as a matter of law.

**FIFTH DEFENSE:**

20. Further answering, Defendant states that the subject lawsuit should be dismissed and/or transferred due to the fact that Defendant filed a previous lawsuit against Plaintiff involving the same matters at issue in the instant case, said prior lawsuit being filed in the Southern District of Ohio, Eastern Division, as Case No. 2:04-cv-568.

**SIXTH DEFENSE:**

21. Further answering, Defendant states that Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

**SEVENTH DEFENSE:**

22. Further answering, Defendant states that the Employment Agreement attached as Exhibit A to Plaintiff's Complaint has been superseded and/or has been breached by Plaintiff herein.

**WHEREFORE**, having fully answered the Complaint filed herein, Defendant demands that same be dismissed and that she be permitted to recover her costs expended herein.

Respectfully submitted,

KEENER, DOUCHER, CURLEY
& PATTERSON, L.P.A.


s/Michael J. Kelley
Supreme Court No. 0007452
88 East Broad Street, Suite 1750
Columbus, Ohio 43215
614/280-1100
Fax:  614/280-9503
mkelley@keenerdoucher.com
*Attorney for Defendant*


## JURY DEMAND

The Defendant hereby demands a trial by a jury of twelve (12) in this matter.

**s/Michael J. Kelley**

## COUNTERCLAIM

Now comes Defendant Felisa Blazek and for her Counterclaim to the Complaint filed herein states as follows:

**COUNT ONE:**

1. Defendant Blazek became an "at will" sales employee of Plaintiff Surface in or about November, 2000.

2. At or about the time of her initial employment (and despite the fact that her employment was at will), Blazek was required to sign a document entitled "Employment Agreement" (hereinafter referred to as "the Agreement", a copy of which was attached as Exhibit 1 to Plaintiff's Complaint), said agreement purportedly being signed on November 1, 2000. Blazek was never given a copy of the Agreement during the entire term of her employment by Plaintiff.

3. Throughout the term of her employment by Plaintiff, Blazek received numerous promises from Plaintiff, whereby Plaintiff agreed to expand Blazek's sales territory to include certain lucrative sales areas which would have substantially increased her earned income, but Plaintiff consistently failed to fulfill those promises.

4. As a direct result of Plaintiff's failed promises, Blazek resigned from her position with Plaintiff on or about June 2, 2004, and accepted employment with another commercial wall covering distributor.

5. Shortly after Blazek tendered her resignation, she received a letter from Plaintiff's agent, Douglas V. Bartman, Esquire, whereby said attorney acting on behalf of Plaintiff enclosed a copy of the Agreement, and alleged that the Agreement contained a provision [Paragraph 4(b)]

which prohibited her from soliciting "any customers of Surface that Employee had knowledge of during his [sic] employment by Surface" and, further, that Blazek was prohibited from soliciting "any of surface's customers and clients that were active during the Employee's employment with Surface". The purported provision enumerated as Paragraph 4(b) is unduly restrictive and unreasonable in that it contains no limitation whatsoever as to time and geographical area. As such, it is unenforceable under prevailing law and as a matter of public policy.

6. In addition, Paragraph 4(b) is not designed to protect confidential information or trade secrets, nor does it seek to limit unfair competition, for the reason that Plaintiff's customers are not only well known to its competitors in the industry, but are also customers of other competitors in the industry and are, thus, not exclusive to Plaintiff. As such, Paragraph 4(b) is unreasonable and unenforceable.

7. Subsequent to receiving the letter referenced above, Plaintiff has since accused Blazek of violating other alleged prohibitions set forth in the Employment Agreement, including but not limited to Paragraphs 4(a), 4(b)(i), 4(b)(ii), 4(b)(iii), 4(b)(iv), and 5, and has attempted to prevent her from being gainfully employed in her chosen occupation.

8. Blazek, in fact, has not violated any provision of the Employment Agreement, and none of the provisions cited by Plaintiff are enforceable at any rate for the reason that they are overly restrictive, place an undue burden on the employee, do not protect a legitimate business interest of the employer, are contrary to public policy, are injurious to the public, and are unenforceable as a matter of law.

9. Further, inasmuch as Plaintiff failed to provide a copy of the Agreement which had been executed by Blazek years earlier, Blazek relied to her detriment upon the fact that the Agreement had lapsed by its own terms and changed circumstances prior to the time of her resignation and acceptance of new employment, said reliance being reasonably justified.

10. To the extent that the provisions cited by Plaintiff are asserted against her, she will be deprived of her sole means of support and, therefore, any benefit alleged by Plaintiff with respect to the contested provision is disproportional to the detriment of the provision's impact to Blazek.

**WHEREFORE,** Plaintiff Blazek demands a judgment declaring that the provisions prohibiting her from engaging in her livelihood are unenforceable, are null and void as against public policy, and should accordingly be struck from the contract, and that she be accorded any and all other rights which may exist at law or in equity.

Respectfully submitted,

KEENER, DOUCHER, CURLEY
& PATTERSON, L.P.A.


s/Michael J. Kelley
Supreme Court No. 0007452
88 East Broad Street, Suite 1750
Columbus, Ohio 43215
614/280-1100
Fax: 614/280-9503
mkelley@keenerdoucher.com
*Attorney for Defendant*


## JURY DEMAND

The Defendant hereby demands a trial by a jury of twelve (12) in this matter.

**s/Michael J. Kelley**


## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2004, I electronically filed the foregoing with the Clerk of Court using the CE/CEF system which will send notification of such filing to the following:

Douglas V. Bartman, Esq.
**Kahn Kleinman**
2600 Erieview Tower
1301 East 9th Street
Cleveland, OH 44114-1824

**s/Michael J. Kelley**